IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DAVID E. CZECH,** | * | |
| Appellant, | * | |
| | * | Case No.: RWT 09cv1119 |
| v. | * | |
| **STEPHEN C. SIEBER,** | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

David E. Czech ("Appellant"), proceeding pro se, appeals the order of the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"), discharging the debt owed by Stephen C. Sieber ("Appellee") to Appellant. Czech v. Sieber, No. 07-21192-WIL (D. Md. Mar. 30, 2009). Because the Bankruptcy Court did not clearly err in finding that Appellant failed to establish Appellee's fraudulent intent and that, in the alternative, any allegedly fraudulent representations were not a basis for nondischargeability, the judgment is affirmed.

## BACKGROUND

On January 27, 2004, Appellant and the SCS Contracting Group ("SCS"), an unincorporated entity solely owned by Appellee, executed a home-improvement agreement. See Czech v. Sieber, No. 07-21192-WIL, 2009 WL 902061, at *1 & n.1 (D. Md. Mar. 30, 2009). Pursuant to the Agreement, SCS agreed to make substantial improvements to a parcel of real property owned by Appellant, and Appellant agreed to pay SCS a retainer of $40,000.00 towards the construction contract, which Appellant paid via personal check. Id. at *1–2. The Agreement further stated that once Appellant accepted the final design and associated cost, Appellee would furnish a construction contract including all the drawings and specifications agreed upon by the

Architect, SCS, and Appellant. Id. at *1. After executing the Agreement, Appellee and Appellant participated in several meetings, and Appellee arranged for an Architect to provide Appellant with design drawings, which Appellant never approved. Id. at *4. Appellant and Appellee did not enter into a subsequent contract, and no actual construction apparently took place at Appellant's property. Id.

Subsequently, Appellant filed a complaint in the Superior Court for the District of Columbia for fraud, breach of contract, consumer protection violations, and rescission. Id. at *2. The Superior Court action was stayed when Appellee filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("the Bankruptcy Code") on November 7, 2007. Id. at *1. Appellant initiated an adversary proceeding in Bankruptcy Court on February 14, 2008, by filing a complaint against Appellee for nondischargeability of the $40,000.00 debt pursuant to 11 U.S.C. § 523(a)(2). Id. Section 523(a)(2) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2) (2006).

After conducting a two-day trial in November of 2008, the Bankruptcy Court concluded that the debt owed by Appellee to Appellant was dischargeable. Czech, 2009 WL 902061, at *1. The Bankruptcy Court determined that Appellant had failed to establish fraudulent intent under § 523(a)(2)(A) based on "(i) the fact that the Defendant was a licensed home improvement contractor during the time period in question, (ii) the uncontroverted testimony that some services were provided pursuant to the Agreement, and (iii) the evidence showing that the architectural design drawings were prepared pursuant to the Agreement." Id. at *4. In the alternative, the Bankruptcy Court determined that the alleged fraudulent representations made by

2

Appellee and relied upon by Appellant concerned the financial condition of the Appellee, and, as such, cannot form the basis for a nondischargeability determination under 523(a)(2)(A). Id. at *5.

On October 2, 2009, Appellant filed a timely notice of appeal from the order discharging the debt owed to him by Appellee. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## **DISCUSSION**

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed de novo, and findings of fact may be set aside only if clearly erroneous. See Butler v. David Shaw, Inc., 72 F.3d 437, 440–41 (4th Cir. 1996). "A factual finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence s left with a firm and definite conviction that a mistake has been committed.'" In re Three Flint Hill Ltd. P'ship, 213 B.R. 292, 297 (D. Md. 1997) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Appellant argues that the Bankruptcy Court made four separate errors. First, Appellant argues that he established Appellee's fraudulent intent under § 523(a)(2)(A). See Appellant's Br. 11. In Appellant's view, certain language in the Agreement combined with Appellee's testimony at trial demonstrated Appellee's fraudulent intent. The "Financing Agreement" section of the contract states, in relevant part: "In the event the best efforts are used by both parties and financing cannot be acquired, then SCS shall wait to be paid the final sum of the renovation project when the house sells." See id. Ex.1. At trial, however, Appellant testified that he would not finance the project until its completion without a deed of trust on Appellant's house. See Trial Tr. vol. 2, 44, 48, Nov. 4, 2008. Based on the Financing Agreement and testimony, Appellant contends that Appellee represented that he would renovate Appellant's

3

property without being paid up front when he had no intention of doing so. See Appellant's Br. 11–12.

The Court sees no error in the Bankruptcy Court's finding of no fraudulent intent on the part of Appellee. Contrary to Appellent's assertions, Appellee's testimony does not show that Appellee entered into the Agreement with no intent to fulfill its terms. The testimony and contractual provision cited by Appellant demonstrate, at best, that Appellee breached the Agreement by failing to renovate Appellant's property absent financing. A breach of contract is not the same as fraud, and, as the Bankruptcy Court noted, it does not render a debt nondischargeable under § 523(a)(2)(A). See Czech, 2009 WL 902061, at *3. Moreover, Appellee's attendance at meetings with Appellant and submission of architectural design drawings to Appellant support the Bankruptcy Court's finding of no fraudulent intent.

Second, Appellant argues that the Court erroneously found, in the alternative, that because all of the statements on which Appellant relied were related to SCS's financial condition, they cannot serve as a basis for discharge of debt under § 523(a)(2)(A). Appellant's Br. 15–16. In Appellant's view, statements of financial condition under § 523(a)(2)(A) must specifically refer to finances. Id. Appellant also contends that the Court should have evaluated several of the statements under § 523(a)(2)(B), because those statements were based on the written Agreement, not on oral statements. Id. Under § 523(a)(2)(B), a debtor shall not be discharged of debt associated with written statements relating to its financial condition that were materially false, made with the intent to deceive, and reasonably relied upon by a creditor. See 11 U.S.C. § 523(a)(2)(B) (2006).

The Bankruptcy Court did not clearly err in evaluating Appellee's statements under § 523(a)(2)(A), and in determining that they were related to SCS's financial condition. None of

the representations on which Appellant relies are "in writing"; rather, they appear to be inferences Appellant made based on the Agreement and on oral statements allegedly made by Appellee.  See Czech, 2009 WL 902061, at *5 ("Here, the Complaint does not allege, and the facts do not evidence, a representation in writing regarding the Debtor's financial condition to support a finding of nondischargeability under Section 523(a)(2)(B)).  Therefore, they are properly evaluated under § 523(a)(2)(A).  They are also related to Appellee's "financial condition" under § 523(a)(2)(A), because they concern SCS's financial health and ability to generate income.  Appellee's alleged representations that SCS had over two hundred employees, would use no subcontractors, and had the ability to complete the project within sixty days all speak to Appellee's ability to fund and complete the project.  Accordingly, the Bankruptcy Court reasonably found that these representations cannot serve as the basis for nondischargeability under § 532(a)(2)(A).

      Third, Appellant argues that the Court erroneously determined that SCS Contracting Group was licensed in the District of Columbia.  Appellant's Br. 17.  According to Appellant, the District of Columbia Department of Consumer and Regulatory Affairs has a license on record for "SCS Contracting Group, LP,"—a limited partnership—but not for "SCS Contracting Group"—a sole proprietorship.  Id.  Because Appellee entered into the Agreement as sole proprietor and not as a limited partnership, Appellant contends that Appellee fraudulently misrepresented itself as licensed and registered in the District of Columbia.  Id. at 18.

      The Bankruptcy Court did not err in determining that the Appellee was a licensed home improvement contractor at the time of the Agreement.  There is no dispute that The SCS Contracting Group, LP was licensed as a Home Improvement Salesman and Home Improvement Contractor for the period between April 10, 1996, and December 31, 2006.  Czech, 2009 WL

902061, at *4. Rather, the appeal relates to whether Appellee held itself out to Appellant as a licensed sole proprietorship instead of a licensed limited partnership. The Court is aware of no reason as to why Appellee would intend to deceive Appellant about SCS being an unlicensed sole proprietorship when SCS is a licensed limited partnership. Moreover, Appellant provides no proof of this alleged misrepresentation, much less of it being fraudulent. Accordingly, Appellant has failed to establish that Appellee fraudulently represented itself as a licensed sole proprietorship.

Lastly, Appellant argues that, as a matter of policy, Appellee should be denied a discharge of debt because he was a dishonest debtor. See Appellant's Br. 19. This last contention fails because Appellant has failed to meet his burden of demonstrating Appellee's fraudulent intent.

For the foregoing reasons, this Court affirms, by separate Order, the Bankruptcy Court's Order discharging the debt owed by Appellee to Appellant.


Date:  November 18, 2009

                                                      /s/
                                     ROGER W. TITUS
                         UNITED STATES DISTRICT JUDGE